## CHARLES ROBERTS AND A. GOATLEY *v.* ALBERT UNGER, KATE UNGER, JOANNA WILLIAMS, AND PATRICK GALLAGHER.

ABANDONMENT OF PRIOR POSSESSION.— When the plaintiff in ejectment relies on prior possession, and defendant pleads abandonment, and there is some evidence tending to show abandonment, the Court should not instruct the jury that if they find plaintiff's possession to have been prior they must render a verdict for him.

QUESTION OF ABANDONMENT IN EJECTMENT.—When, in ejectment on prior possession, abandonment is pleaded and evidence on it introduced, the Court should not exclude its consideration from the jury.

EFFECT OF RECORD OF DEED ON QUESTION OF POSSESSION.—The principle that one who enters upon land under a deed with specific boundaries, possesses to the extent of the boundary given, extends to unrecorded deeds, with respect to those, at least, who have actual knowledge of the terms of the deed and the grantee's claim under it.

CERTIFIED COPY OF INSTRUMENT IN EVIDENCE.—A certified copy of the affidavit and claim under the Possessory Act of this State, is admissible in evidence, if the party offering it has never had the original, and has made search for it and is unable to find it.

INTERLINEATION IN DEED.—An alteration in a deed by an erasure of a figure and the interlineation of another is not sufficient to prevent it from being received in evidence where testimony is introduced tending to show that the alteration was made before the deed was signed.

RECORD SHOULD SHOW OBJECT FOR WHICH TESTIMONY IS OFFERED.— When testimony is excluded by the Court, and the party offering it does not state the purpose for which it is offered, and the record does not disclose its relevance, the appellate Court will not say that it was improperly excluded.

JUDGMENT IN FORCIBLE ENTRY AS EVIDENCE.—A judgment in forcible entry and detainer, rendered in favor of the plaintiff, has no tendency to prove abandonment of the premises sued for, by the defendant, or that the plaintiff had taken possession of the same under color of title.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The complaint averred that on the first day of April, 1862, plaintiffs were seized of the demanded premises, containing one hundred and sixty acres of land, and that on the second day of April, 1862, defendants entered and ousted them.

On the trial the plaintiffs, who claimed under Blackwell, offered in evidence a copy of the claim and affidavit of Blackwell, under the Possessory Act of this State, filed September 19th, 1859, and certified to be a correct copy by the Recorder of Sonoma County. To entitle the copy to be received in

evidence the plaintiff Roberts testified that he had not the original in his possession or under his control, and that he had never had the original, and knew nothing of it except what he had heard, and that he had made search for it and was unable to find it.

The defendant objected that the execution of the original had not been proved, nor had it been proved that the original instrument was a genuine one, and that the instrument was not required to be copied by the Recorder, but only to be filed.

The Court overruled the objections.

The plaintiffs then offered in evidence a deed from Blackwell and wife to plaintiff Goatley, dated December 10th, 1860. The description in the deed had originally been written " Range 8," but these words had been erased and the words " Range 7 " had been interlined. The defendants objected to the deed being received in evidence, on account of the erasure and interlineation. The plaintiffs then introduced evidence tending to show that the erasure and interlineation had been made at the time the deed was drawn and before signing.

The Court then overruled the objection.

After plaintiff had rested, defendant offered in evidence a judgment roll in an action of forcible entry and detainer, in which defendant Unger was plaintiff, and Blackwell and others were defendants. The premises in dispute in this action were a part of the demanded premises, and the action was commenced November 19th, 1859, and judgment was rendered in favor of plaintiff May 9th, 1860. The defendants' attorney stated that he offered this judgment roll in evidence to show abandonment by Blackwell, and also to show that defendants had taken possession under color of title.

The Court, on plaintiffs' objection, excluded the judgment roll.

There was evidence tending to show that defendant Unger had received a deed of a tract of land with specific boundaries, before Blackwell had filed his possessory claim, and that Unger had also entered into the actual possession of a portion

of the land described in his deed at the time it was given. This deed had never been recorded. Defendants claimed that Unger's possession extended to the boundaries given in his deed.

The Court, at plaintiffs' request, instructed the jury that " if the jury believe that the defendant, Unger, went into the possession of a tract adjoining the tract in controversy under a deed which was never recorded, then the possession of said Unger extended only to his actual possession, and not to the boundaries described in said deed, unless said Unger had recorded his claim, and otherwise complied with the possessory laws of this State."

To the giving of this instruction, designated as the "Fourth" in the opinion of the Court, defendants excepted.

Plaintiffs recovered judgment, and defendants appealed.

The other facts are stated in the opinion of the Court.

*E. A. Lawrence*, for Appellants, made the points that the Court erred in permitting the certified copy of Blackwell's possessory claim to be received in evidence, and in admitting in evidence the deed from Blackwell, on account of the erasure and interlineation, and that the Court erred in giving the fourth instruction and the seventh instruction, because it did not permit of abandonment.

*Temple & Thomas*, for Respondents, argued that the Court did not err in receiving in evidence the certified copy of the possessory claim; and cited 2 Hittell's General Laws, par. 6,079; 6 Cal. 582; and 21 Cal. 202. They also argued that the deed should not have been excluded because of the interlineation and erasure, because whether the deed had been altered after or before its execution was a question of fact for the jury; and cited 1 Green. Ev., Sec. 504; 1st note on p. 699; 1 Bouv. L. Dic. 659.

By the Court, SAWYER, J.:

Action to recover a tract of land in Sonoma County. Plaintiffs rely for recovery upon prior possession in themselves and their grantors. Defendants deny a prior possession, but, if wrong in this, claim that there was an abandonment. There was testimony bearing upon the question of abandonment. The seventh instruction, given by the Court at plaintiff's request, is as follows:

" If.the jury believe from the evidence that the plaintiffs, or their grantors, were in the actual possession of any portion of the land described in the complaint prior to the possession of the same portion by the defendants, or those under whom they claim, then they must render a verdict for the plaintiff for that portion."

The defendants excepted. This instruction does not take into consideration the evidence on the question of abandonment. And there is nothing else in the charge qualifying it. The jury were distinctly told that if the plaintiffs, or their grantors, were in the " actual possession of any portion of the land described in the complaint prior to the possession of the same portion by defendants, or those under whom they claim, then they must render a verdict for the plaintiffs for that portion." Under this unqualified instruction the jury were bound to find for the plaintiff as to all land embraced in the description, which had ever been in the prior possession of the plaintiffs, notwithstanding they might be satisfied from the evidence that the right thereby acquired had been lost by abandonment. The state of the evidence required the introduction of this element into the instruction. The second instruction also assumes that there was no abandonment, and takes this question of fact from the jury.

If the principle contained in the fourth instruction, given at the request of plaintiff, be conceded to be correct, as a general proposition, still the language requires qualification, for a party may have knowledge of the precise terms of the

deed, and the extent of the grantees' claim under it, although not recorded. The instructions cannot be sustained in the form given. The general principle embraced in the instruction has not been discussed by counsel, and, as it is unnecessary, we do not intend to decide it now. For similar reasons we shall not critically examine the instructions asked by defendants and refused. Most of them, however, perhaps all, require some qualification.

There was no error in admitting the certified copy of Blackwell's affidavit filed under the Possessory Act of 1852, or in admitting the deed from Blackwell to Goatley.

We do not perceive from the record the purpose for which the deed from Dillard to Susan M. Blackwell, and the acts of Hoff in pointing out his lines, were offered by the defendants, or the relevance of the evidence. We cannot, therefore, now say that this testimony was improperly excluded.

The record in the forcible entry suit has no tendency to show abandonment, or that defendants had taken possession under color of title. Nor is it perceived that it would be relevant to show mere color of title. But, for the errors indicated, the judgment and order denying a new trial must be reversed and a new trial had, and it is so ordered.